IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WALKER, | : | CIVIL NO. 3:CV-07-0178 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| FORMER WARDEN JOSEPH V. SMITH, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, a federal inmate presently incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), initiated this Bivens[1] action on January 30, 2007. (Doc. 1). Presently before the Court is defendants' motion to dismiss and for summary judgment. (Doc. 21). For the reasons set forth below, the motion will be granted. Plaintiff has also filed a motion (Doc. 37) to amend his opposition brief (Doc. 34). This motion will be considered in the context of the motion to dismiss and will be granted. Also pending is plaintiff's motion for preliminary injunction (Doc. 5), which will be denied.

I. **Motion to Dismiss**

   A. Standards of Review

      *1. Rule 12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) contests the court's authority to hear and decide the case. Federal courts are courts of limited jurisdiction; accordingly, every case begins

---

[1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

with the presumption that the court lacks jurisdiction to hear it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

*2. Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although a district court ruling on a motion to dismiss may not generally consider matters extraneous to the pleadings, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

A complaint must contain "enough facts to state a claim to relief that is plausible on its

face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

B. Allegations of the Complaint

Plaintiff arrived at USP-Lewisburg on or about June 17, 2005. (Doc. 1, p. 8, ¶ 21). At that time, defendant Jospeh V. Smith ("Smith") was the warden.

Plaintiff has twin daughters who turned sixteen in January 2006. Upon turning sixteen, the daughters executed a form, that was authorized and signed by their mother, requesting that they be placed on plaintiff's visitation list. (Doc. 1, p. 8, ¶¶ 24-25). Although plaintiff's correctional counselor, defendant Crystal Foust ("Foust"), approved the request and placed the children on plaintiff's approved visitor list, the word "minor" was placed next to their names. (Doc. 1, p. 8, ¶¶ 27-29; Doc. 2, p. 21). This prevented the children from visiting plaintiff without an adult present. Plaintiff inquired about the presence of the word "minor," and was informed by defendant Foust that, according to the applicable Lewisburg Institution Supplement, because they are under the age of eighteen, they must be accompanied by a responsible adult. (Id. at ¶ 30). Specifically, on September 21, 2005, defendant Smith, who was the warden at the time, implemented Institution Supplement "5267.06(a) p. (e), relating to visitation requirements for children under the age of 18." (Doc. 1, p. 8, ¶ 22). According to the supplement, "[v]isiting

is disallowed for those persons who have not attained their 18th birthday, unless accompanied by a legal guardian, or an immediate family member who is over 18 years-of-age." (Doc. 2, p. 7). Plaintiff took the position that the Institutional Supplement violated BOP regulation 540.44(e), which states that children under sixteen may not visit unless accompanied by a responsible adult. He spoke to defendants Foust and Captain Eric Bradley ("Bradley") about the conflict between the BOP regulation and the Institutional supplement, but was informed that the Institutional Supplement governed the situation at hand. (Doc. 1, pp. 9-10, ¶¶ 30, 32-34). Plaintiff was unsuccessful at informally resolving the issue so he took advantage of the BOP grievance system. He names Troy Williamson ("Williamson"), Scott Dodrill ("Dodrill"), Henry Sadowski ("Sadowski") and Harrell V. Watts ("Watts") as defendants because they personally reviewed and denied his grievance. (Doc. 1, pp. 10-12, ¶¶ 37-46). Plaintiff has fully exhausted his administrative remedies. (Doc. 2, pp. 24-49).

He also seeks to impose liability against defendants Smith and Williamson based upon their roles as warden in implementing and enforcing the Institutional Supplement. Defendant Bradley is sued in his capacity as the "Captain at USP Lewisburg, who was overall supervisor of security and correctional staff. Also in charge of preserving the orderly running of institutional operation at USP Lewisburg." (Doc. 1, p. 3, ¶ 6).

Plaintiff alleges that defendants violated his Fifth and First Amendment rights when, pursuant to the Institutional Supplement, they denied him visitations with his sixteen-year-old twin daughters. (Id.)

C. Discussion

   1. *Rule 12(b)(1)*

Defendants argue that they are immune from suit inasmuch as they have been sued in their official capacity. (Doc. 23, pp. 4-6) The Court agrees. The doctrine of sovereign immunity precludes a plaintiff from bringing a Bivens action against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). Suits brought against federal officials in their official capacities are to be treated as suits against the employing government agency. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As a result, a Bivens suit brought against an individual federal official acting in his official capacity is barred by the doctrine of sovereign immunity, see Meyer, 510 U.S. at 484, and the court lacks jurisdiction to hear the claim, see Kabakjian v. United States, 267 F.3d 208, 211 (3d Cir. 2001) (holding that district courts lack jurisdiction to hear claims brought against the United States unless Congress has explicitly waived sovereign immunity). To the extent that he seeks to impose liability on defendants in their official capacity as employees of the Federal Bureau of Prisons, such claims are barred by the doctrine of sovereign immunity.

In his motion to amend his opposition brief, plaintiff informs the Court that he wishes to delete the reference to defendants in their official capacity. (Doc. 37). In light of the above conclusion, plaintiff's motion will be granted.

   2. *Rule 12(b)(6)*

"A defendant in a civil rights action must have personal involvement in the alleged

wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Also, it is well established that civil rights claims cannot be premised on a theory of *respondeat superior.* Id. Rather, each defendant must have been personally involved in the events or occurrences which underlie a claim. See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

Defendant Bradley is named in his capacity as the "overall supervisor of security and correctional staff." (Doc. 1, p. 3, ¶ 6). Although it is alleged that plaintiff discussed the conflict between the BOP regulation and the Institutional Supplement with defendant Bradley, there are no allegations that he was involved in the actual decision concerning the visitation of plaintiff's daughters. Because the plaintiff seeks to impose liability on defendant Bradley solely in his supervisory capacity, he will be dismissed from the case.

Plaintiff seeks to impose liability on defendants Dodrill, Sadowski and Watts based solely on their role in the grievance procedure. Such allegations are insufficient for purposes of alleging personal involvement in constitutional misconduct. There are no facts alleged in the complaint that establish that these defendants were involved in the decision regarding the visitation of plaintiff's daughters. The review and denial of the grievances, and subsequent administrative appeal conducted, do not establish personal involvement in the alleged underlying

unconstitutional conduct. Consequently, the claims against these defendants are subject to dismissal.

## II. Motion for Summary Judgment

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). A factual dispute is material if it might affect the outcome of the suit under the applicable law. Anderson, 477 U.S. at 248. A factual dispute is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the nonmoving party. Id. at 249; Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). "The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must, as a matter of law, prevail over the other." Anderson, 477 U.S. at 248.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694 (3d Cir.

1988). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, the nonmoving party may not simply sit back and rest on the allegations in the complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

With respect to the sufficiency of the nonmoving party's evidence, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

B. Statement of Facts

Plaintiff arrived at USP-Lewisburg on or about June 17, 2005. (Doc. 1, p. 8, ¶ 21). At that time, defendant Smith was the warden. During his tenure, defendant Smith signed Institution Supplement 5267 which addressed visiting regulations. The portion of the supplement at issue is Section 5(e) which provides that "[v]isiting is disallowed for those persons who have not attained their 18th birthday, unless accompanied by a legal guardian, or an immediate family member who is over 18 years-of-age." (Doc. 2, p. 7; Doc. 24-2, p. 2, ¶ 1).

In January 2006, defendant Williamson took over the post as warden of USP-Lewisburg. USP-Lewisburg is a high security federal penitentiary. (Doc. 24-2, p. 2, ¶3). Williamson states that "the inmate visiting area is frequently crowded with inmates and their visitors. It is an area that must be constantly supervised to prevent the introduction of contraband, as well as inappropriate behavior on the parts of both inmates and their visitors." Id. He does not believe it is prudent to allow persons under the age of 18 to be unaccompanied in such an environment. (Id.). Moreover, according to Williamson, "Bureau of Prisons' national policy permits Wardens to place restrictions on visitation in the interest of security and good order." (Id.)

C. Discussion

In their brief in support of the motion for summary judgment, defendants raise the issue of qualified immunity. The doctrine of qualified immunity provides that government officials performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); Saucier v. Katz, 533 U.S. 194, 200-01 (2001). This doctrine provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

To determine whether government officials have lost their immunity, the court must first decide if the plaintiff has demonstrated "a deprivation of an actual constitutional right." Conn v. Gabbert, 526 U.S. 286, 290 (1999); see also Saucier, 533 U.S. at 201 ("A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the

light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"); Doe v. Groody, 361 F.3d 232, 237 (3d Cir. 2004); accord Wright v. City of Philadelphia, 409 F.3d 595, 600-01 (3d Cir. 2005) (noting that six Courts of Appeals have ruled that the first step in a qualified immunity analysis is whether a constitutional violation has occurred). Second, if the court believes a constitutional violation has occurred, it must consider whether the right was "clearly established." Saucier, 533 U.S. at 201.

When immunity is raised at the summary judgment stage, the court's analysis of the merits of the claims for purposes of summary judgment essentially merges with its analysis of the existence of a deprivation of federal rights for purposes of immunity. See Gruenke v. Seip, 225 F.3d 290, 299-300 (3d Cir. 2000); Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 839-42 (E.D.Pa. 2000); see also Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir.1996) ("[C]rucial to the resolution of [the] assertion of qualified immunity is a careful examination of the record . . . to establish . . . a detailed factual description of the actions of each individual defendant (viewed in a light most favorable to the plaintiff).").

Proceeding under the above framework, the court will examine plaintiff's claim that the prison policies that govern visitation privileges violate his Constitutional rights with regard to his ability to visit with, and parent his children. The United States Supreme Court has held that "parents have a liberty interest, protected by the Constitution, in having a reasonable opportunity to develop close relations with their children." Hodgson v. Minnesota, 497 U.S. 417, 483). Notwithstanding this pronouncement, the Supreme Court has recently reiterated that "[a]n inmate

does not retain rights inconsistent with proper incarceration," and that "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, (2003). Further, it has long been held that while "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," prison restrictions that implicate prisoners' constitutional rights may be upheld if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 84, 89 (1987). Acknowledging that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform," the Supreme Court has urged judicial restraint in the federal courts' review of prison policy and administration. Id. at 84. The Turner Court developed the following four-part test for assessing the overall reasonableness of a prison regulation:

> As a threshold inquiry, "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." [Turner, 482 U.S. at 89] (quoting Block v. Rutherford, 468 U.S. 576, 586, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984)). Courts must then determine "whether there are alternative means of exercising the right that remain open" to prisoners, and "[what] impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. at 90, 107 S.Ct. 2254. Finally, a regulation's reasonableness may be evidenced by "the absence of ready alternatives" that would fully accommodate the constitutional right "at *de minimus* cost to valid penological interests." Id. at 90-91, 107 S.Ct. 2254. These requirements "serve as guides to a single reasonableness standard," but the first "'looms especially large' because it 'tends to encompass the remaining factors, and some of its criteria are apparently necessary conditions.'" Waterman v. Farmer, 183 F.3d 208, 213-14 (3d Cir.1999)(quoting Amatel v. Reno, 156 F.3d 192, 196 (D.C.Cir.1998)).

Ramirez v. Pugh, 379 F.3d 122, 125-126 (3d Cir. 2004); See also, Cochran v. Pinchak, 401 F.3d

184, 191 (3d Cir. 2005).

With regard to the first factor, the regulation must be reasonably related to a legitimate penological objective and that rational connection must not be "so remote as to render the policy arbitrary or irrational." Turner, 482 U.S. at 90, 107 S.Ct. 2254 quoting Block v. Rutherford, 468 U.S. 576, 586 (1984), see also, Waterman v. Farmer, 183 F.3d 208, 215 (3d Cir. 1999). There is clearly a valid rational connection between the prison regulation and the governmental interest advanced by defendant Williamson in that the regulation provides additional protection to children who are in an environment that, because of the inappropriate behavior on the part of both inmates and their visitors, requires constant supervision. "[T]he burden . . . is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." Wirsching v. Colorado, 360 F.3d 1191, 1199, 1200 (10th Cir.2004) (citing Overton, 539 U.S. at 132). Plaintiff has failed to meet his burden.

In considering the second factor, plaintiff does not allege that he was completely denied visits with his minor children. Rather, he challenges the fact that he is unable to visit with them without adult supervision. Although it may not be the type of visitation that he desires, there is no question that he has been afforded the opportunity to visit with his children. In addition, the defendants point out that plaintiff retains the ability to contact his daughters by phone or through correspondence. Visits with adult supervision, coupled with the other methods by which plaintiff can communicate with his children, provide a reasonable alternative in light of the rationale behind the Institution Supplement.

As to the third Turner factor, plaintiff argues that visitor background checks, visiting room cameras, metal detectors and assigned seating in the visiting area are sufficient to satisfy the prisons concerns regarding the passing of contraband and inappropriate behavior on the part of both inmates and visitors. (Doc. 34, p. 15). However, plaintiff fails to set forth how accommodating his request would not impair the ability of prison officials to protect minor children in this inherently unsuitable environment that requires constant supervision. (Doc. 24-2, p. 2, ¶ 3). Particular deference must be given to the prison administrators' decision to take such precautions. See Overton, 539 U.S. at 135.

Lastly, although plaintiff has failed to set forth alternatives that would fully accommodate his request for unsupervised visits of his minor children at *de minimus* cost to valid penological interests, defendants acknowledge that an alternative is "essentially already built into the regulation as it is not an absolute ban on children and young adults visiting inmates, but simply provides enhanced supervision for those visits." (Doc. 23, p. 14).

Based on the foregoing, plaintiff fails to establish a violation of a clearly established constitutional right and qualified immunity shields defendants from suit. Accordingly, defendants' motion for summary judgment will be granted.

### III. Motion for Preliminary Injunction

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F. 3d 1421, 1426-27 (3d Cir. 1994). "Where a plaintiff requests injunctive relief that would require

the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief." <u>Riley v. Snyder</u>, 72 F. Supp.2d 456, 459 (D.Del.1999). Moreover, issuance of such relief is at the discretion of the trial judge. <u>Orson, Inc. v. Miramax Film Corp.</u>, 836 F. Supp. 309, 311 (E. D. Pa. 1993).

Based on the above determinations, plaintiff has failed to shoe a probability of success on the merits of his claim. Consequently he is not entitled to injunctive relief, and his motion (Doc. 5) will be denied.

## IV. Conclusion

In accordance with the above, defendants' motion to dismiss and for summary judgment (Doc. 21) will be granted. Plaintiff's motion (Doc. 37) to amend his opposition brief will be granted. Finally, plaintiff's motion for a preliminary injunction will be denied.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 28th, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WALKER, | : | CIVIL NO. 3:CV-07-0178 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| FORMER WARDEN JOSEPH V. SMITH, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 28th day of September 2007, in accordance with the foregoing Memorandum, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss (Doc. 21) is GRANTED with respect to defendants Bradley, Sadowski, Dodrill and Watts.

2. The motion for summary judgment (Doc. 21) is GRANTED with respect to defendants Smith, Williamson and Foust. The Clerk of Court is directed to ENTER judgment in favor of these defendants and against plaintiff.

3. Plaintiff's motion to amend his opposition brief (Doc. 37) is GRANTED.

4. Plaintiff's motion for a preliminary injunction (Doc. 5) is DENIED.

5. The Clerk of Court is directed to CLOSE this case.

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court